Natache D. Rinegard-Guirma
5731 NE 10th Avenue
Portland, Oregon 97211
503.278.0709

FILED'10 SEP 8 13:50USDC-ORP

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF OREGON

### PORTLAND DIVISION

CV'10-1065   PK

Natache D. Rinegard-Guirma                    Civil Case No:
                         Plaintiff,

vs.                                           **COMPLAINT**

Bank of America, National Association as successor by merger to LaSalle Bank National Association, as trustee under the Pooling And Servicing Agreement dated as of August 1st, 2006, GSAMP Trust 2006-HE5, MERS, Litton Loan Servicing LP, And the original and purported successor trustees.
                         Defendants.

### JURISTICTION OF THIS COURT

Under 28 USC 1331, The district courts shall have original jurisdiction of any civil actions arising under the Constitution, laws, or treaties of the United States, and 28 USC 1343(a)(3), The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person:....To redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States.

### PRELIMINARY STATEMENT

Litton Loan Servicing LP had incorrectly denied loan modification application previously submitted by Plaintiff, stating that Plaintiff had sufficient income to pay current mortgage even though Plaintiffs net income before deducting expenses clearly fell below an amount to pay monthly mortgage payment.

Plaintiff asserts that Bank of America, National Association as successor by merger to LaSalle Bank National Association, as trustee under the Pooling And Servicing Agreement dated as of August 1st, 2006, GSAMP Trust 2006-HE5, MERS, Litton Loan Servicing LP, and the original and purported successor trustees have conspired and colluded to deprive Plaintiff of her home, deprive her of her civil rights including but not limited to equal credit opportunities, and the right to enjoy property as is afforded to all citizens under the Fourteenth Amendment by coercing and manipulating an illegal foreclosure in order to cover up, conceal, and perfect a mortgage fraud scheme.

In today's mortgage market, the identity of the mortgage creditor is not always apparent. Most mortgages are sold or otherwise transferred to another entity shortly after origination. As a result, the mortgage holder frequently will not be the bank or mortgage company that is listed on the note or mortgage. Instead, a majority of loans are securitized. This securitization process is governed by a pooling and servicing agreement (PSA).

## PROOF OF OWNERSHIP OF THE MORTGAGE NOTE
## AS IT RELATES TO THE SECURITIZED TRUST

A lender must provide all documentation required to prove that in fact the lender is the real owner of the loan and that it has its documents all in order and has **no standing** or authority to claim beneficial interest or any interest in the mortgage note unless there has been a complete and unbroken chain of assignments to the Trust pursuant to the strict terms of the PSA.

In a securities Trust the PSA requires that all promissory notes be endorsed by the originator and delivered to the trustees, with an Assignment of Mortgage accompanying each note. There must be a complete and unbroken chain of assignments to the Trust pursuant to the strict terms of the PSA. The Trust has no authority to claim beneficial interest or any interest in a mortgage note unless there has been a documented complete and unbroken chain of assignments.

***Standing** requires that the party prosecuting an action have sufficient stake in the outcome and that the party bringing the claim be recognized in the law as being the real party in interest.*
*Rule 17(a) of the Federal Rules of Civil Procedure, ..requiring an action to be brought in the name of the real party in interest.*

**The above-mentioned parties do not have standing to bring foreclosure action for the following reasons including but not limited to:**

1) LSI Title Company of Oregon, LLC purports to be the successor trustee. Yet there is no appointment of LSI Title as successor trustee.

2) Mortgage Electronic Registration Systems, Inc. (MERS) had no right to assign the deed of trust. In order to assign the deed of trust, MERS would have to be able to assign the note. Therefore, the assignment of the deed of trust was invalid. The **invalid** assignment also contains a fundamental misrepresentation, namely that an officer of the assignor has executed the assignment when the person really held that title in name only.

3) There was a fundamental misrepresentation purporting that LaSalle Bank National Association as trustee under the Pooling and Servicing Agreement dated as of August 1st, 2006, GSAMP Trust 2006-HE5 has the ability to enforce the deed of trust, in fact they do not. As this entity does not have the ability to enforce the deed of trust, it is not the real party in interest and thus cannot foreclose.

4) This entity also is not the real party in interest because the deed of trust was not assigned according to the terms of the Pooling and Servicing Agreement, Therefore, the assignment was invalid. The purported assignment recorded was not done pursuant to the authority of the trust as it did not follow the prescribed chain of assignments, and did not occur until after the closing date.

The Defendants have no standing to foreclose. The Defendants have not provided assignments pursuant to the strict terms of the PSA.

It is respectfully requested that this Court enjoin Quality Loan Service Corp. of Washington as agent for LSI TITLE COMPANY OF OREGON, LLC to stop the **foreclosure sale, scheduled on September 21st, 2010 at the hour of 11:00 am, Standard of Time, at the front entrance of the Courthouse, 1021 S.W. Fourth Avenue without further delay** and that the Plaintiff be awarded any fees or disbursements in this action. **(for emphases)**

Dated: 9.7,10