FILED
SEP 15 2010

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

**NATACHE D. RINEGARD-GUIRMA,**

        Plaintiff,

    v.

**BANK OF AMERICA, NATIONAL ASSOCIATION
AS SUCCESSOR BY MERGER TO LA SALLE BANK
NATIONAL ASSOCIATION, AS TRUSTEE UNDER
THE POOLING AND SERVICING AGREEMENT
DATED AS OF AUGUST 1, 2006, GSAMP TRUST
2006-HE5, MERS, LITTON LOAN SERVICING LP,
AND THE ORIGINAL AND PURPORTED SUCCESSOR
TRUSTEES,**

        Defendants.

Civil Case No. 10-1065-PK

OPINION AND ORDER

KING, Judge:

    Plaintiff Natache D. Rinegard-Guirma filed a Motion for a Temporary Restraining Order

and Preliminary Injunction (#3) seeking to enjoin a foreclosure sale of her residence, scheduled for

Page 1 - OPINION AND ORDER

September 21, 2010 at 11:00 am.  For the following reasons, the Court denies Rinegard-Guirma's

motion.

## BACKGROUND

Rinegard-Guirma brings an action against the following defendants:  Bank of America;

National Association, as successor by merger to LaSalle Bank National Association[1]; Mortgage

Electronic Registration Systems, Inc. ("MERS"); Litton Loan Servicing LP; and "the original and

purported successor trustees."  Complaint at 1.[2]

Rinegard-Guirma alleges the following in her Complaint:

She alleges all of the defendants have "conspired and colluded" to take her home by means

of an "illegal" foreclosure.  Complaint at 2.  She alleges flaws in the assignments and that the

trustee has no standing to foreclose as a result.  Specifically, she alleges LSI Title Company of

Oregon, LLC[3] purports to be the successor trustee, but there is nothing confirming that

appointment.  Additionally, she alleges MERS had no authority to assign the deed of trust.  She

also makes some assertions about LaSalle Bank National Association not having the authority to

foreclose since it is not the "real party in interest."  Complaint at 3, ¶¶ 3, 4.  Finally, she alleges

Litton Loan Servicing "incorrectly" denied her loan modification application, finding that she had

---

[1]The entity's full name is LaSalle Bank National Association, as trustee under the Pooling
and Servicing Agreement dated as of August 1, 2006, GSAMP Trust 2006-HE5.

[2]Since Rinegard-Guirma's Complaint is not paginated, the Court has supplied sequential
page numbers.

[3]Although Rinegard-Guirma has sued "the original and purported successor trustees," she
has not named or served LSI Title Company of Oregon, LLC.

Page 2 - OPINION AND ORDER

sufficient income to pay the current mortgage, even though her expenses exceed her income. She asserts no violations of any federal law.[4]

In her Motion for Temporary Restraining Order, Rinegard-Guirma reiterates that defendants do not have an interest in the trust deed and that they do not have standing to foreclose. She asserts that without a restraining order, defendants will continue "their discriminatory and fraudulent conduct." Mot. at 2.[5] She also asserts she will be irreparably harmed because she will lose her house if the foreclosure sale proceeds.

The Court granted Rinegard-Guirma's application to proceed in forma pauperis and she prepared the summons. The summons Rinegard-Guirma prepared identifies an "attorney for defendant" in Georgia as the recipient for service of process. It is unclear from the summons which defendant Rinegard-Guirma believes this attorney represents.

The Court held a hearing on September 14, 2010. None of the defendants appeared. Looking at the summons she prepared, it does not appear that Rinegard-Guirma was successful in notifying any of the named defendants as to the existence of her Complaint or her request for a TRO. She submitted into evidence documents establishing that she faxed the Complaint and motion to Litton Loan Servicing and to Quality Loan Service Corporation of Washington.[6]

––––––––––––––––––––––

[4]She mentions generally a violation of her constitutional rights, and specifically the Fourteenth Amendment, but the Fourteenth Amendment "shields citizens from unlawful governmental actions, [and] does not affect conduct by private entities." Apao v. Bank of New York, 324 F.3d 1091, 1093 (9th Cir. 2003) (no state action in enforcement of lien through non-judicial sale).

[5]The Court has supplied the sequential pagination.

[6]Rinegard-Guirma has not named Quality Loan Service Corporation of Washington as a defendant.

Page 3 - OPINION AND ORDER

Rinegard-Guirma also submitted into evidence the following documents: Substitution of Trustee and Deed of Reconveyance executed on 7/31/2006; a trust deed dated 1/30/2007 to secure a $38,950 loan; a 4/15/2008 assignment of the deed of trust to LaSalle Bank National Association, with Stewart Title of Oregon, Inc. as Trustee, by Mortgage Electronic Registration Systems, Inc., as nominee in favor of Mortgage Lenders Network USA, Inc., as beneficiary; documents related to an earlier foreclosure sale planned in September of 2008 and postponed to September of 2009; a Rescission of Notice of Default for the earlier foreclosure; and a Notice of Default and Election to Sell dated 5/7/10 announcing this foreclosure sale planned for 9/21/10 and identifying LSI Title Company of Oregon, LLC as the Successor Trustee.

## LEGAL STANDARDS

The standard for obtaining a temporary restraining order is generally the same as the standard for obtaining a preliminary injunction. The party moving for a preliminary injunction must show "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Resources Def. Council, Inc., 129 S. Ct. 365, 374 (2008).

## DISCUSSION

Based on the evidence she presented at the hearing, Rinegard-Guirma is likely to succeed on the merits on at least one of her claims. She alleges that nothing recorded with Multnomah County demonstrates that LSI Title Company of Oregon, LLC is the successor trustee. She provided all of the documents she obtained from Multnomah County, with the representation that these were all of the documents relating to the Trust Deed, and the Court accepted the documents

Page 4 - OPINION AND ORDER

as evidence at the hearing.  The Court relies on her representation.  None of the documents reflect that LSI Title Company of Oregon, LLC has been named as the successor trustee.

Pursuant to ORS 86.790, the beneficiary may appoint a successor trustee.  However, only "[i]f the appointment of the successor trustee is recorded in the mortgage records of the county or counties in which the trust deed is recorded" is the successor trustee "vested with all the powers of the original trustee."  ORS 86.790(3).  Accordingly, unless the appointment of LSI Title Company of Oregon, LLC was recorded, the purported successor trustee has no "power of sale" authorizing it to foreclose Rinegard-Guirma's property.  See ORS 86.710 (describing trustee's power of sale); ORS 86.735 (permitting foreclosure by advertisement and sale but only if "any appointment of a successor trustee [is] recorded in the mortgage records in the counties in which the property described in the deed is situated").

Similarly, she is likely to experience irreparable harm if her home is foreclosed upon.

However, in order to enjoin the foreclosure of her property, the purported successor trustee is a "necessary and proper party[.]"  ORS 86.790(4).  Rinegard-Guirma has neglected to sue and serve LSI Title Company of Oregon.  Although she sued the "successor trustee" in her Complaint, the identity of the successor trustee was known to her before she filed her Complaint and she should have named it and served it.[7]

Additionally, under Federal Rule of Civil Procedure 65 (b), the Court may issue a temporary restraining order without notice to the adverse party only if "immediate and irreparable

--------

[7]I note that the Oregon Secretary of State's Business Registry indicates LSI Title Company of Oregon, LLC's principal place of business is in Jacksonville, FL.  Accordingly, it does not appear that the addition of the successor trustee would destroy diversity jurisdiction under 28 U.S.C. § 1332.

injury, loss, or damage will result to the movant before the adverse party can be heard in opposition" and the party requesting relief "certifies in writing any efforts made to give notice and the reasons why it should not be required." Rinegard-Guirma met neither of these requirements.

Accordingly, I deny Rinegard-Guirma's Motion for a Temporary Restraining Order.

CONCLUSION

For the foregoing reasons, Rinegard-Guirma's Motion for a Temporary Restraining Order and Preliminary Injunction (#3) is denied.

IT IS SO ORDERED.

Dated this _____ /5ᵗʰ _____ day of September, 2010.

Garr M. King
United States District Judge