IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

**NATACHE D. RINEGARD-GUIRMA**,                                    Civil Case No. 10-1065-PK

                Plaintiff,                                    OPINION AND ORDER

     v.

**BANK OF AMERICA, NATIONAL ASSOCIATION
AS SUCCESSOR BY MERGER TO LA SALLE BANK
NATIONAL ASSOCIATION, AS TRUSTEE UNDER
THE POOLING AND SERVICING AGREEMENT
DATED AS OF AUGUST 1, 2006, GSAMP TRUST
2006-HE5, MERS, LITTON LOAN SERVICING LP,
and the ORIGINAL AND PURPORTED SUCCESSOR
TRUSTEES, LSI TITLE COMPANY OF OREGON, LLC,
AND QUALITY LOAN SERVICING CORPORATION
OF WASHINGTON,**

                Defendants.

KING, Judge:

Page 1 - OPINION AND ORDER

Plaintiff Natache D. Rinegard-Guirma filed a Motion for a Temporary Restraining Order and Preliminary Injunction (#18) seeking to enjoin a foreclosure sale of her residence, scheduled for September 21, 2010 at 11:00 am.  For the following reasons, the Court grants Rinegard-Guirma's motion and **enjoins the foreclosure sale of Rinegard-Guirma's property**.

## BACKGROUND

Rinegard-Guirma brings an action against the following defendants:  Bank of America; National Association, as successor by merger to LaSalle Bank National Association[1]; Mortgage Electronic Registration Systems, Inc. ("MERS"); Litton Loan Servicing LP; LSI Title Company of Oregon, LLC; and Quality Loan Servicing Corporation of Washington.  Am. Compl. at 1.

Rinegard-Guirma alleges the following in her Amended Complaint:

She alleges all of the defendants have "conspired and colluded" to take her home by means of an "illegal" foreclosure.  Complaint at 2.  She alleges flaws in the assignments and that the trustee has no standing to foreclose as a result.  Specifically, she alleges LSI Title Company of Oregon, LLC purports to be the successor trustee, but there is nothing confirming that appointment.  Additionally, she alleges MERS had no authority to assign the deed of trust.  She also makes some assertions about LaSalle Bank National Association not having the authority to foreclose since it is not the "real party in interest."  Complaint at 3, ¶¶ 3, 4.  She asserts no violations of any federal law.[2]

---

[1]The entity's full name is LaSalle Bank National Association, as trustee under the Pooling and Servicing Agreement dated as of August 1, 2006, GSAMP Trust 2006-HE5.

[2]She mentions generally a violation of her constitutional rights, and specifically the Fourteenth Amendment, but the Fourteenth Amendment "shields citizens from unlawful governmental actions, [and] does not affect conduct by private entities."  Apao v. Bank of New York, 324 F.3d 1091, 1093 (9th Cir. 2003) (no state action in enforcement of lien through non-

In her Motion for Temporary Restraining Order, Rinegard-Guirma reiterates that defendants do not have an interest in the trust deed and that they do not have standing to foreclose. She asserts that without a restraining order, defendants will continue "their discriminatory and fraudulent conduct." Mot. at 2. She also asserts she will be irreparably harmed because she will lose her house if the foreclosure sale proceeds.

The Court held a hearing on September 14, 2010. None of the defendants appeared. She submitted into evidence documents establishing that she faxed the Complaint and motion to Litton Loan Servicing and to Quality Loan Service Corporation of Washington.[3]

At that hearing, Rinegard-Guirma also submitted into evidence the following documents: Substitution of Trustee and Deed of Reconveyance executed on 7/31/2006; a trust deed dated 1/30/2007 to secure a $38,950 loan; a 4/15/2008 assignment of the deed of trust to LaSalle Bank National Association, with Stewart Title of Oregon, Inc. as Trustee, by Mortgage Electronic Registration Systems, Inc., as nominee in favor of Mortgage Lenders Network USA, Inc., as beneficiary; documents related to an earlier foreclosure sale planned in September of 2008 and postponed to September of 2009; a Rescission of Notice of Default for the earlier foreclosure; and a Notice of Default and Election to Sell dated 5/7/10 announcing this foreclosure sale planned for 9/21/10 and identifying LSI Title Company of Oregon, LLC as the Successor Trustee.

In an Opinion and Order filed on September 15, 2001, the Court found that Rinegard-Guirma was likely to succeed on the merits on at least one of her claims: nothing recorded with

---

judicial sale).

[3]At that time, Rinegard-Guirma had not named Quality Loan Service Corporation of Washington as a defendant. She has since named the company as a defendant.

Multnomah County demonstrated that LSI Title Company of Oregon, LLC is the successor trustee. As a result, LSI Title Company of Oregon, LLC does not have the power of sale to foreclose on Rinegard-Guirma's home.  Additionally, the Court found Rinegard-Guirma was likely to experience irreparable harm if her home is foreclosed upon.  However, Rinegard-Guirma had neglected to sue and serve LSI Title Company of Oregon, precluding the Court from enjoining the foreclosure.  See ORS 86.790(4) (trustee a "necessary and proper party").  Additionally, the Court noted it was limited in its ability to issue a temporary restraining order without notice to the adverse party.  See Fed. R. Civ. P. 65(b).

## LEGAL STANDARDS

The standard for obtaining a temporary restraining order is generally the same as the standard for obtaining a preliminary injunction.  The party moving for a preliminary injunction must show "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  Winter v. Natural Resources Def. Council, Inc., 129 S. Ct. 365, 374 (2008).

## DISCUSSION

For the same reasons reflected in the Opinion and Order of September 15, 2010, based on the evidence she presented at the hearing on September 14, 2010, Rinegard-Guirma is likely to succeed on the merits on at least one of her claims.  She alleges that nothing recorded with Multnomah County demonstrates that LSI Title Company of Oregon, LLC is the successor trustee. She provided all of the documents she obtained from Multnomah County, with the representation that these were all of the documents relating to the Trust Deed, and the Court accepted the

documents as evidence at the hearing.  The Court relies on her representation.  None of the documents reflect that LSI Title Company of Oregon, LLC has been named as the successor trustee.

Pursuant to ORS 86.790, the beneficiary may appoint a successor trustee.  However, only "[i]f the appointment of the successor trustee is recorded in the mortgage records of the county or counties in which the trust deed is recorded" is the successor trustee "vested with all the powers of the original trustee."  ORS 86.790(3).  Accordingly, unless the appointment of LSI Title Company of Oregon, LLC was recorded, the purported successor trustee has no "power of sale" authorizing it to foreclose Rinegard-Guirma's property.  See ORS 86.710 (describing trustee's power of sale); ORS 86.735 (permitting foreclosure by advertisement and sale but only if "any appointment of a successor trustee [is] recorded in the mortgage records in the counties in which the property described in the deed is situated").

Similarly, the Court finds Rinegard-Guirma is likely to experience irreparable harm if her home is foreclosed upon.

The Court is also satisfied by the documents Rinegard-Guirma provided to the Court at today's hearing that she has notified all of the defendants of her Amended Complaint, her Motion for a Temporary Restraining Order, and today's hearing.  The Court notes she has added LSI Title Company of Oregon, LLC as a defendant.

Accordingly, I grant Rinegard-Guirma's Motion for a Temporary Restraining Order.  The defendants are enjoined from foreclosing Rinegard-Guirma's property described as:  Lot 2, Block 16, Highland Park, in the City of Portland, County of Multnomah and State of Oregon, Assessor's Parcel Number R180361, commonly known as 5731 NE 10th Ave., Portland, OR 97211.

The Court will hold a hearing on Monday, October 4 at 2:30 pm to determine whether a preliminary injunction will issue.

The Court declines to require Rinegard-Guirma to provide security as the Court is satisfied no harm will come to the property during the pendency of this temporary restraining order.

The Court directs Rinegard-Guirma to immediately notify all of the defendants of the imposition of this temporary restraining order.

## CONCLUSION

For the foregoing reasons, Rinegard-Guirma's Motion for a Temporary Restraining Order (#18) is GRANTED. **The defendants are enjoined from foreclosing Rinegard-Guirma's property described as: Lot 2, Block 16, Highland Park, in the City of Portland, County of Multnomah and State of Oregon, Assessor's Parcel Number R180361, commonly known as 5731 NE 10th Ave., Portland, OR 97211.**


IT IS SO ORDERED.

Dated this ___September 20, 2010____ day of September, 2010.


_/s/ Garr M. King_____
Garr M. King
United States District Judge