Natache D. Rinegard-Guirma
5731 NE 10th Avenue
Portland, Oregon 97211
503.278.0709

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF OREGON

### PORTLAND DIVISION

Natache D. Rinegard-Guirma                          Civil Case No: 10-1065-PK

Plaintiff,

vs.

### COMPLAINT,
### AMENDMENT TO COMPLAINT
### FILED  SEPTEMBER 15TH, 2010

Bank of America, National Association as successor by merger to LaSalle Bank
National Association, as trustee under the Pooling And Servicing Agreement
dated as of August 1st, 2006, GSAMP Trust 2006-HE5, MERS, Litton Loan
Servicing LP, and the original and purported successor trustees, LSI Title
Company of Oregon, LLC, and Quality Loan Servicing Corporation of
Washington.

Defendants.

### JURISTICTION OF THIS COURT

Under 28 USC 1331, The district courts shall have original jurisdiction of any civil
actions arising under the Constitution, laws, or treaties of the United States, and
28 USC 1343(a)(3), The district courts shall have original jurisdiction of any civil
action authorized by law to be commenced by any person:....To redress the
deprivation, under color of any State law, statute, ordinance, regulation, custom
or usage, of any right, privilege or immunity secured by the Constitution of the
United States or by any Act of Congress providing for equal rights of citizens or
of all persons within the jurisdiction of the United States.

**Page 1** - COMPLAINT, AMENDMENT TO COMPLAINT FILED SEPTEMBER
15TH.2010

## PRELIMINARY STATEMENT  I.

Plaintiff asserts that Bank of America, National Association as successor by merger to LaSalle Bank National Association, as trustee under the Pooling And Servicing Agreement dated as of August 1st, 2006, GSAMP Trust 2006-HE5, MERS, Litton Loan Servicing LP, and the original and purported successor trustees, LSI Title Company of Oregon, LLC, and Quality Loan Service Corporation of Washington have conspired and colluded to deprive Plaintiff of her home, deprive her of her civil rights including but not limited to equal credit opportunities, and the right to enjoy property as is afforded to all citizens under the Fourteenth Amendment by coercing and manipulating an illegal foreclosure in order to cover up, conceal, and perfect a mortgage fraud scheme.

In today's mortgage market, the identity of the mortgage creditor is not always apparent.  Most mortgages are sold or otherwise transferred to another entity shortly after origination.  As a result, the mortgage holder frequently will not be the bank or mortgage company that is listed on the note or mortgage.  Instead, a majority of loans are securitized.  This securitization process is governed by a pooling and servicing agreement (PSA).

## PROOF OF OWNERSHIP OF THE MORTGAGE NOTE
## AS IT RELATES TO THE SECURITIZED TRUST

A lender must provide all documentation required to prove that in fact the lender is the real owner of the loan and that it has its documents all in order and has **no standing** or authority to claim beneficial interest or any interest in the mortgage note unless there has been a complete and unbroken chain of assignments to the Trust pursuant to the strict terms of the PSA.

In a securities Trust the PSA requires that all promissory notes be endorsed by the originator and delivered to the trustees, with an Assignment of Mortgage accompanying each note.  There must be a complete and unbroken chain of assignments to the Trust pursuant to the strict terms of the PSA.  The Trust has no authority to claim beneficial interest or any interest in a mortgage note unless there has been a documented complete and unbroken chain of assignments.

*Standing requires that the party prosecuting an action have sufficient
stake in the outcome and that the party bringing the claim be recognized
in the law as being the real party in interest.
Rule 17(a) of the Federal Rules of Civil Procedure, ..requiring an action to be
brought in the name of the real party in interest.*

**The above-mentioned parties do not have standing to bring foreclosure
action for the following reasons including but not limited to:**

1)  LSI Title Company of Oregon, LLC purports to be the successor trustee.  Yet
there is no appointment of LSI Title as successor trustee.

2)  Mortgage Electronic Registration Systems, Inc. (MERS) had no right to assign
the deed of trust.  In order to assign the deed of trust, MERS would have to be
able to assign the note.  Therefore, the assignment of the deed of trust was
invalid.  The **invalid** assignment also contains a fundamental misrepresentation,
namely that an officer of the assignor has executed the assignment when the
person really held that title in name only.

3)  There was a fundamental misrepresentation purporting that LaSalle Bank
National Association as trustee under the Pooling and Servicing Agreement
dated as of August 1st, 2006, GSAMP Trust 2006-HE5 has the ability to enforce
the deed of trust, in fact they do not.  As this entity does not have the ability to
enforce the deed of trust, it is not the real party in interest and thus cannot
foreclose.

4)  This entity also is not the real party in interest  because the deed of trust was
not assigned according to the terms of the Pooling and Servicing Agreement,
Therefore, the assignment was invalid.  The purported assignment recorded was
not done pursuant to the authority of the trust as it did not follow the prescribed
chain of assignments, and did not occur until after the closing date.

The Defendants have no standing to foreclose.  The Defendants have not
provided assignments pursuant to the strict terms of the PSA.

## PRELIMINARY STATEMENT II.

Plaintiff believes and thereupon alleges that Defendants have caused and are the **'primary source'** of emotional distress, pain and suffering, lost time at work, and damage to Plaintiff's family relationships for more than two years as a result of Defendants unlawful and fraudulent conduct.  Plaintiff has experienced daily, nausea, headaches, sleeplessness, skin rashes, and depression.  Plaintiff searched for affordable safe remedies and has been treated at OCOM (Oregon College of Oriental Medicine), **attached Exhibit A.**  Plaintiff has seen private practice Chinese and herbal medicine medical practitioners.  Each of these treatments has provided Plaintiff with minor temporary relief, but because the **'primary source'** continues each occurrence of nausea, headaches, sleeplessness, skin rashes, and depression increases in severity and at times becomes almost unbearable.

(1)  Litton Loan Servicing in violation of the Federal Debt Collection Practices Act, 15 U.S.C. 1692(a) had incorrectly denied loan modification application previously submitted by Plaintiff, stating that Plaintiff had sufficient income to pay current mortgage even though Plaintiff's net income before deducting expenses clearly fell below an amount 'sufficient' to pay monthly mortgage payment, **attached Exhibit B**.

(2)  Litton Loan Servicing proposed a settlement offer that was accepted by Plaintiff and subsequent funding for settlement offer secured, but after three months, dozens of phone calls, and several faxes Plaintiff was told by  Litton Loan Servicing that they "could no longer negotiate" with Plaintiff because the investor financing the settlement offer "should not be able to profit from…."  the settlement offer that had been proposed by Litton Loan Servicing, **attached Exhibit C.**

(3)  Litton Loan Servicing and Quality Loan Service Corporation of Washington have repeatedly ignored Plaintiff's requests under the Fair Debt Collection Practices Act, for detailed explanations as to why previous loan modification requests have been denied,  and additional information for discovery, **attached Exhibit D.**

(4)  Defendants have been negligent in filing required proof of an unbroken chain of assignments pursuant to the Strict rules of the PSA and have scheduled foreclosure sales without standing. **Please reference previous recordings filed with the Court.**

## REQUESTED RELIEF

Plaintiff prays judgment and relief that the Court:

## ON THE FIRST CLAIM

It is respectfully requested that this Court enjoin Quality Loan Service Corp. of Washington as agent for LSI TITLE COMPANY OF OREGON, LLC to stop the **foreclosure sale, scheduled on September 21st, 2010 at the hour of 11:00 am, Standard of Time, at the front entrance of the Courthouse, 1021 S.W. Fourth Avenue without further delay** and that the Plaintiff be awarded any fees or disbursements in this action. **(for emphases)**

## ON THE SECOND CLAIM AND ALL CLAIMS IT IS RESPECTFULLY REQUESTED THAT THIS COURT

(1)  Declare that the defendants have engaged in a pattern and practice of conduct wrongfully, through negligence, initiating foreclosure sales.

(2)  Enter a permanent injunction directing the Defendants to provide proof of a servicing agreement pursuant to the strict rules of the PSA, and provide documentation of a complete and unbroken chain of assignments to the Trust pursuant to the strict rules of the PSA.

(3)  Direct Defendants to provide under the Real Estate Settlement Procedures Act (12 U.S.C 2605(e);

A)  Reasoning for denial of any previous loan modification request under HAMP pursuant to HAMP Supplemental Directive 09-08.

B)  All information, amounts and values used to calculate Plaintiffs eligibility for a loan modification under the Home Affordable Modification Program, including but not limited to information, amounts and values input into their Net Present Value formula in connection with Plaintiff's loan modification requests.

C)  The basis for all information, amounts and values used for the above-mentioned calculation.

D)  All documents, including but not limited to written and electronic correspondence and computer screen shots, showing or tending to show reasons for denial of each of the Plaintiff's loan modification requests.

E) If applicable, all documents, including but not limited to written and electronic correspondence and computer screen shots, showing or tending to show any and all reasonable efforts by Litton Loan Servicing, "to remove any prohibitions and obtain waivers or approvals from all necessary parties in order to carry out any modification under HAMP," as required by HAMP Supplemental Directive 09-08.

4) Direct Defendants pursuant to the Truth in Lending Act,  15 U.S.C. 1641(f)(2) and (g), and the Federal Debt Collections Practices Act:

A) The name of the original creditor, if different from the current creditor;

B) Name, address, and phone number of the owner/investor of the loan;

C) Any assignment documents concerning the securitization of the loan note and mortgage;

D) Any documents pertaining to any loan modification, forbearance, or refinancing agreement;

E) Any appraisals, price options or inspection reports related to the subject property;

F) Any correspondence between Plaintiff or any agent acting for Plaintiff, on the one hand, and Litton Loan Servicing on the other hand;

G) Any notes of any telephone calls made by Plaintiff or any agent acting for Plaintiff on the one hand, to Litton Loan Servicing, on the other hand, or vice versa.

5) Grant General Compensatory Damages and Punitive Damages as the Court may deem just and proper.

6) **Grant such other and further relief as the Court may deem just and proper**.

Dated: _9, 27, 10_

Page 6 - COMPLAINT, AMENDMENT TO COMPLAINT FILED SEPTEMBER 5TH, 2010

# CERTIFICATE OF SERVICE FILED '10 SEP 28 12:39USDC-ORP

I Natache D. Rinegard-Guirma HERBY CERTIFY that on September 28th, 2010, I served copies of Plaintiff's Motion for Leave to File a Second Amended Complaint, Complaint/ Amendment to Complaint Filed  September 15th, 2010, Exhibit's A, B, C, and D to the following party by Certified Mail, addressed to:

McCarthy & Holthus LLP
19735 10th Avenue, Suite N-200
Poulsbo, WA 98370


_9.28.10_

Date

Natache D. Rinegard-Guirma

```
=====================================
            PORTLAND MPO
            715 NW HOYT ST
        PORTLAND, OR 97208-8097

09/28/2010                  12:07:30 PM
=====================================

            Sales Receipt  _____
_____       Sale    Unit    Final
Product         Qty     Price   Price
Description
_____

POULSBO, WA  98370                $4.90
Zone-2 Priority Mail®
 0 lb. 12.60 oz.
 * Expected delivery Thursday,
 September 30.
 Certified Mail™                  $2.80
 Label #:
 7196 9010 1850 2904 4888
                                ========
Issue Postage:                    $7.70

Total:                          ==========
                                  $7.70

Paid by:
DebitCard                         $7.70
   Account #:    XXXXXXXXXXX5952
   Approval #:   110391
   Transaction #: 782
   23-902400001-99
   Receipt #:     123837

APC Transaction #:        31
USPS® #                   406784-9551

To check on the delivery status of
your Certified Mail™ article, visit
our Track & Confirm website at
www.usps.com or use this Automated
Postal Center™ (or any Automated
Postal Center™ at other Postal
locations).

            Thanks.
     It's a pleasure to serve you.

ALL SALES FINAL ON STAMPS AND POSTAGE.
REFUNDS FOR GUARANTEED SERVICES ONLY.
```